UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DAVID ULRICH

                              Petitioner,

    v.

UNITED STATES OF AMERICA,

THE PREMISES, BUILDINGS, APPURTENANCES,
IMPROVEMENTS, AND REAL PROPERTY
LOCATED AT 15 ELIZABETH DRIVE, LOCKPORT,
NEW YORK, THAT IS, ALL THAT TRACT OR
PARCEL OF LAND, SITUATE IN THE TOWN OF
LOCKPORT, COUNTY OF NIAGARA, STATE OF
NEW YORK, AND MORE PARTICULARLY
DESCRIBED IN A CERTAIN DEED RECORDED IN
THE NIAGARA COUNTY, NEW YORK CLERK'S
OFFICE, INSTRUMENT NO. 2015-01524, and

OSTOLSKI PROPERTY MANAGEMENT LLC,
MICHAEL OSTOLSKI, and DAWN OSTOLSKI,

                              Respondents.

---

### PETITION BY DAVID ULRICH FOR IMMEDIATE REMOVAL OF 15 ELIZABETH DRIVE, LOCKPORT, NEW YORK FROM FORFEITURE OR, IN THE ALTERNATIVE, FOR AN INTERLOCUTORY SALE OF THE SUBJECT PROPERTY

Petitioner, David L. Ulrich, by and through his attorneys, Gross Shuman P.C., brings this

Verified Petition for the immediate release of the Property from forfeiture pursuant to 18 U.S.C.

§ 983(f) and Rule G(8)(d)(i) of the Supplemental Rules for Admiralty or Maritime Claims and

Asset Forfeiture Actions (the "Supplemental Rules") or, in the alternative, for an interlocutory

sale of the Property on the basis that the Property is subject to a Mortgage held by the Petitioner

in which the owner is in default, and requesting the delivery of the Property to the Petitioner to

immediately move forward with the sale of the Property pursuant to Rule G(7)(b)(i), (v) of the Supplemental Rules:

     1.    This matter concerns a civil *in rem* forfeiture proceeding brought by the United States Attorney for the Western District of New York with respect to the defendant property, 15 Elizabeth Drive, Lockport, New York (the "Property").

     2.    Petitioner, David L. Ulrich, is an innocent owner and the Petitioner of a certain Note and Mortgage secured by the Property.

     3.    This Petition seeks the following relief:

        a.    The immediate release of the Property from forfeiture pursuant to 18 U.S.C. § 983(f) and Rule G(8)(d)(i) of the Supplemental Rules due to substantial hardship of the Petitioner; or

        b.    In the alternative, an interlocutory sale of the Property on the basis that the Property is subject to a Mortgage held by the Petitioner in which the owner is in default, and the delivery of the Property to the Petitioner and designation of the Petitioner to conduct the sale of the Property pursuant to Rule G(7)(b)(i), (v) of the Supplemental Rules.

## STATEMENT OF FACTS

**A.**    **The Property; Note And Mortgage**.

     4.    The Property is owned by Respondents, Ostolski Property Management LLC.

     5.    On January 30, 2015, the Petitioner entered into a Note and Mortgage with Respondents, Ostolski Property Management, LLC, Michael J. Ostolski, individually, and Dawn A. Ostolski, individually (collectively, the "Ostolski "), for the original principal amount of $300,000 with the Property secured as collateral, which was recorded in the Niagara County Clerk's Office on January 30, 2015 as Instrument No. 2015-01525.

6.     On January 1, 2020, the parties signed an Extension and Modification Agreement which was recorded at the Niagara County Clerk's Office on January 11, 2020 as Instrument No. 2020-08798.

7.     Collectively, the Note and Mortgage and Extension and Modification Agreement are referred to as the "Note and Mortgage" and true and accurate copies of which are attached as **Exhibits A** and **B**, respectively.

**B.     Procedural History.**

8.     On December 15, 2023, the United States Attorney for the Western District of New York (the "Government") filed a Verified Complaint for Forfeiture against the Property pursuant to 21 U.S.C. § 881(a)(7), 19 U.S.C. § 1621. (ECF No. 1).

9.     The basis for the Verified Complaint was the alleged criminal acts of the Ostolskis.

10.     On January 16, 2024, the Court granted the Government's motion for a restraining order against the Property.  (ECF No. 7, 9).

11.     On January 25, 2024, the Ostolskis filed a Claim as owners of the Property.  (ECF No. 11).  Upon stipulation and agreement, the Court granted an extension of time to file an answer and/or motion through May 27, 2025. (ECF Nos. 17, 25, 27, 29, 31, and 36).

12.     On February 8, 2024, the Petitioner timely filed a Claim dated January 23, 2024 against the Property to protect his interest in the Note and Mortgage with principal balance of $168,342.33 as of January 1, 2024.  (ECF. No. 20).

13.     On February 27, 2024, the Petitioner timely filed a Verified Answer. (ECF. No. 23).

14.     The Petitioner is an innocent owner as that term is used in 18 U.S.C. § 983(d) in that he has a possessory interest in the Property and that he did not know at any time of the alleged conduct of the Ostolskis giving rise to the forfeiture proceeding commenced by the Government.

15.     The Government has granted the Ostolskis five (5) extensions of time to file an Answer to the Verified Complaint, with the latest extension through May 27, 2025.  An Answer has still not been filed by the Ostolskis.

16.     The parties have been negotiating an agreement for an interlocutory sale of the Property.  Although we were very close to reaching an agreement, there are certain terms required by the Government that remain unacceptable to the Petitioner.

17.     No further progress has been made in the prosecution of the Complaint.

**C.     Current Status Of Property.**

18.     After the filing of the Complaint, the Ostolskis stopped paying on the Note and Mortgage.

19.     The outstanding taxes of the Property include the 2024 City of Lockport Property Tax Bill with penalty ($5,409.69), 2024 Niagara County Property Tax Bill ($2,536.00), and 2024-2025 Lockport School District Tax Bill ($7,541.21).

20.     As of December 31, 2024, the outstanding principal, invoices and late fees total $342,474.83 due to the Petitioner under the Mortgage (the "Outstanding Note and Mortgage"). A true and accurate breakdown of the amount due and owing is attached as **Exhibit C**.

21.     Moreover, the Petitioner has become aware that the Ostolskis are no longer maintaining the Property as evidenced by the photos of the Property's poor condition and an

email from a local relator, true and accurate copies of which are attached as **Exhibits D** and **E,** respectively.

## MOTION FOR RELIEF

### A.    Petition For Immediate Release From Forfeiture.

22.    All conditions of 18 U.S.C. § 983(f)(1) (A)-(E) are satisfactorily met, which entitle the Petitioner to the immediate release of the Property from the civil forfeiture proceeding commenced by the Government.

23.    Pursuant to 18 U.S.C. § 983(f)(2), on January 6, 2025, the Petitioner made a written demand of the Government for the immediate release of the Property (the "Demand"), which was filed with the Clerk's Office and served on Trini E. Ross, United States Attorney by Melanie J. Bailey, the Assistant Attorney General of the Western District of New York, United States Attorney's Office.  A true and accurate copy of the Demand with proof of service is attached as **Exhibit F**.

24.    On January 17, 2025, the Government filed a response, refusing to comply with any part of the Demand, despite the Petitioner's entitlement to the immediate release of the Property.  A true and accurate copy of the Government's Response is attached as **Exhibit G**.

25.    Fifteen (15) days have expired and the Property has not been released by the Government from forfeiture.  Accordingly, pursuant to 18 U.S.C. § 983(f)(3)(A), the Petitioner is entitled to bring this petition.

26.    The conditions of 18 U.S.C. § 983(f)(1) (A)-(E) are set forth below.

a.    Possessory Interest – 18 U.S.C. § 983(f)(1)(A).

27.    The Petitioner has a possessory interest in the Property as the holder of the Note and Mortgage, which is currently in default. *See* 18 U.S.C. § 983(6)(A) (an owner is "a person

with an ownership interest in the specific property sought to be forfeited, including a leasehold, lien, <u>mortgage</u>, <u>recorded security interest</u>, or valid assignment of an ownership interest").

28.    The Petitioner is an innocent owner and has properly and timely filed his Claim and a Verified Answer to protect his possessory interest in the Property under the terms of the Note and Mortgage.  (ECF No. 20, 23).

b.    <u>Sufficient Ties To Community – 18 USC § 983(f)(2)(B)</u>.

29.    The Petitioner has sufficient ties to the community to provide assurance that the Property will be available at the time of trial.

30.    The Petitioner is a well-known real estate developer within Lockport, New York and resides in New York State.

31.    Upon release of the Property from the forfeiture proceedings, the Petitioner intends to foreclose on the Property as soon as possible.  After the Outstanding Note and Mortgage is paid in full, plus any associated costs of the foreclosure proceeding and sale, the Petitioner shall pay to the Government any surplus proceeds from the sale of the Property which shall serve as the substitute res for the Property and shall be subject to civil and/or criminal forfeiture proceedings under the United States Code.

32.    The Government's goal, therefore, of foreclosing on the Property shall be accomplished.

c.    <u>Substantial Hardship To The Petitioner – 18 USC § 983(f)(2)(C)</u>.

33.     The Government's continued possession of the Property pending final disposition of the civil forfeiture proceedings is causing substantial hardship to the Petitioner.

34.    This forfeiture action has been pending for well over one (1) year, having been commenced by the Government on December 15, 2023.

35.    The alleged bad actors, the Ostolskis, and the Petitioner are the only interested parties to this action.

36.    No progress has been made by the Government to prosecute the forfeiture and the Government's unwarranted delay in prosecuting this proceeding has led to substantial hardship to the Petitioner.

37.    Since the filing of the Complaint, the Ostolskis have stopped paying the Mortgage and property and school taxes, amounting to significant late fees, unnecessary waste of the Property, and exposing the Property to tax foreclosure by the local taxing authorities.  The outstanding taxes include the 2024 City of Lockport Property Tax Bill with penalty ($5,409.69), 2024 Niagara County Property Tax Bill ($2,536.00), and 2024-2025 Lockport School District Tax Bill ($7,541.21).  The principal balance of the Note with Mortgage is $156,506.04.  There are also substantial late fees and penalties outstanding.

38.    The Petitioner has also become aware that the Ostolskis are no longer maintaining the Property and the Property is at continued risk of deterioration, decay, or injury by being detained by the Government.  The fact that the Property is now exposed to another harsh winter with negligent owners is another factor negatively impacting its value in what are already challenging market conditions.  It is unclear whether the Property is even still insured.

39.    While the Ostolskis are negligent towards the Property's condition and refuse to pay the Note and Mortgage, upon information and belief, the Ostolskis are still collecting rent from their commercial tenants at the Property.

40.    The Government has taken no action to compel the Ostolskis to pay the Note and Mortgage and property taxes or to otherwise protect the Property from deterioration.

41.    In the meantime, the Petitioner bears the cost of protecting the Property at his own expense during the pendency of these proceedings for the benefit of the Government.

42.    In sum, the Property's neglect and depreciation and the exposure to tax foreclosure for over $15,000 of unpaid taxes, demonstrates the substantial hardship at the expense of the Petitioner, an innocent owner.

d.    The Petitioner's Likely Hardship Outweighs The Risk Of Releasing The Property From Forfeiture – 18 USC § 983(f)(2)(D).

43.    The Petitioner's substantial hardship due to the continued possession of the Government of the Property outweighs the risk that the Property will be destroyed, damaged, lost, concealed or transferred if it is released to the Petitioner from the forfeiture proceeding.

44.    As noted above, the Petitioner intends to foreclose on the Property as soon as possible in order to protect against further depreciation and waste of the Property. The Property is his only secured interest in the Note and Mortgage. The Petitioner cannot exercise any other possessory right over the Property and would not receive any benefit to take an action that would otherwise damage or destroy the Property.

45.    Further delay during the pendency of this action would only increase outstanding fees, taxes, and penalties, all while continuing to expose the Property to the risk of a non-cooperative owner who is neglecting the upkeep and maintenance of the Property.

46.    By releasing the Property, therefore, the Petitioner can move forward with foreclosure and protect both his interest as well as the Government.

e.    No Condition Of 18 U.S.C. § 983(f)(8) Applies- 18 USC § 983(f)(2)(E).

47.    The exceptions of 18 U.S.C. § 983(f)(8) do not apply to preclude the Petitioner from demanding the immediate release of the Property from forfeiture.

48.     The Property is real estate and is not contraband, currency or other monetary instrument or other electronic funds.

49.     Upon information and belief, the Property is not going to be required by the Government as evidence for violation of a law.  In fact, the Government was intending to conduct an interlocutory sale of the Property, which is the same act that the Petitioner intends to commence.

50.     Finally, the Property is a commercial building.  There is no reason to believe that the Property is particularly suited for use in illegal activities or that it will be used to commit additional criminal acts if released from forfeiture.  Again, the Petitioner's stated intent, as the innocent owner, is the immediate foreclosure of the Property to protect its secured financial interest.

51.     Based on the foregoing, the Petitioner has established his right to immediate release of the Property from forfeiture pursuant to 18 U.S.C. § 983(f)(1) (A)-(E).

**B.     Application For Interlocutory Sale Of Property.**

52.     In the alternative, the Petitioner requests that this Court grant his application pursuant to Rule G(7)(b)(i), (v) of the Supplemental Rules for an interlocutory sale of the Property.

53.     Rule G(7)(b)(i)(C) authorizes a party to bring a motion for the interlocutory sale of forfeited property if it is subject to a mortgage or taxes on which the owner is in default.

54.     Such is the case here where there is no dispute that the Petitioner is a holder of a Note and Mortgage on the Property on which the Ostolskis are in default.

55.     Pursuant to Rule G(7), (ii) and (v), the Petitioner requests that this Court order that the Property be delivered to the Petitioner as the circumstances permit sale under Rule

G(7)(b)(i), and designate the Petitioner to conduct the sale of the Property, as authorized by the statute.

56.    As a real estate developer, Petitioner has the contacts and connections necessary to bring about a sale of the Property.  Certainly, his experience makes him much better suited to sell the Property than the Government.

57.    Upon information and belief, if the Government were to proceed with an interlocutory sale it would use outside vendors at a cost significantly greater that the costs associated with a sale by the Petitioner.

58.    The unnecessary costs associated with the Government's desire to sell the Property are problematic because, upon information and belief, the value of the Property is less than the amount owed to the Petitioner.  *See* **Exhibit H**, comparable sales.

59.    After the Outstanding Note and Mortgage is paid in full, plus any associated costs of the foreclosure proceeding and sale, the Petitioner is willing to pay to the Government any surplus proceeds from the sale of the Property which can serve as the substitute *res* for the Property and can be subject to civil and/or criminal forfeiture proceedings under the United States Code.

60.    Finally, the Petitioner respectfully requests that an Order be issued directing that the tenants of the Property remit any rent payments directly to the Petitioner during the pendency of these proceedings and any sale.

WHEREFORE, Petitioner, David L. Ulrich, requests an Order from the Court for the following relief:

a.    The immediate release of the Property from forfeiture pursuant to 18 U.S.C. § 983(f) and Rule G(8)(d)(i) of the Supplemental Rules due to substantial hardship of the Petitioner;

b.    In the alternative, an interlocutory sale of the Property on the basis that the Property is subject to a Mortgage held by the Petitioner in which the owner is in default, and the delivery of the Property to the Petitioner and designation of the Petitioner to conduct the sale of the Property, and

c.    Such other and further relief that the Court deems just and proper.


Dated:    Buffalo, New York
          March 13, 2025

                                   Yours, etc.,

                                   GROSS SHUMAN P.C.


                                   By:    _____
                                          David H. Elibol
                                          *Attorneys for Petitioner, David L. Ulrich*
                                          Office and P.O. Address
                                          465 Main Street, Suite 600
                                          Buffalo, New York 14203
                                          Tel: (716) 854-4300
                                          E-mail: delibol@gross-shuman.com


Doc #1221791.4

## VERIFICATION/DECLARATION

I, David L. Ulrich, am the Claimant herein. I have read the contents of the foregoing Verified Petition and affirm, under the penalty of perjury pursuant to 28 U.S.C. § 1746, that the contents are not frivolous and are true and correct to the best of my knowledge, information and belief.

Executed on the 10th day of March, 2025.

David L. Ulrich

Sworn to before me this
10th day of March, 2025.

Notary Public

David H. Elibol
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 02EL5065691
Qualified in Erie County
Commission Expires 09/09/20 26